ORIGINAL

FILED

01/25/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0035

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### OP 23-0034 and OP 22-0035

LOREN KEITH SANDY,

Petitioner,

v.

BOB OLSON,

Respondent.

ORDER

Self-represented Petitioner Loren Keith Sandy has filed two Petitions for Writ of Habeas Corpus with this Court, and we have consolidated the cases. Sandy is currently placed at START (Sanction, Treatment, Assessment, Revocation, and Transition Program) in Anaconda, Montana.

Sandy contends in both Petitions that the Board of Pardons and Parole (Board) should have granted him parole and that his due process rights have been violated with its denial. He states that he received a ten-year sentence with six years suspended to the Department of Corrections (DOC) on September 29, 2022. He adds that he received credit for time served as well as street time credit of twenty-five months. He argues that he should be released after being in the DOC from September 29, 2022, until January 7, 2023, and because he has served a quarter of his sentence. Sandy also puts forth that his immediate release is warranted because he is a senior citizen who suffered a stroke while incarcerated.

Sandy has provided this Court with no supporting documentation. He does not include a sentence calculation. Additionally, it is not readily apparent whether Sandy served counsel with the DOC or the Attorney General with a copy of his Petitions. M. R. App. P. 10(1)(c).

Available electronic records indicate that the Lewis and Clark County District Court revoked Sandy's suspended sentence in September 2022, and imposed a DOC commitment as Sandy provides.

We point out that Sandy has a DOC commitment and not a prison sentence. Sandy is not entitled to an appearance before the Board because he is not confined in a state prison, or a prerelease center, or in the Montana state hospital. Section 46-23-201(1)(a), (b), (d), MCA. Sandy's placement at START is not considered prison custody either.

Sandy's remedy is not with the Board or with this Court. Instead of sending a kite to the Board, he would do better to inform his probation officer or other DOC official in a kite, also known as an Offender/Staff Request (OSR), about his medical condition and request for release. DOC Policy No. DOC 3.3.5.

Sandy has not demonstrated illegal incarceration or restraint. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Sandy's Petitions for Writ of Habeas Corpus are DENIED.

The Clerk is directed to provide a copy of this Order to Bob Olson, START Program Administrator; to counsel of record along with copies of Sandy's Petitions; and to Loren Keith Sandy personally.

DATED this 24th day of January, 2023.

_____

_____

_____

_____

_____
Justices

2